**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4567**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL WAYNE MILAM, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. N. Carlton Tilley, Jr., Senior District Judge. (1:09-cr-00161-NCT-2)

Submitted: June 15, 2011         Decided: June 24, 2011

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher R. Pudelski, LAW OFFICES OF CHRISTOPHER PUDELSKI, Washington, D.C., for Appellant. Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Wayne Milam, Jr. pled guilty, pursuant to a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2006). Milam was sentenced to 110 months' imprisonment. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that, in his opinion, there are no meritorious issues for appeal. Counsel questioned whether Milam received effective assistance of counsel, but concludes that counsel's ineffectiveness is not conclusively established by the record before the court, and such a claim is better suited for a 28 U.S.C.A. § 2255 (West Supp. 2010) proceeding.[*] Upon review of the record, we directed supplemental briefing from the parties on whether the district court committed error by applying the U.S. Sentencing Guidelines Manual § 2K2.1(b)(6) (2009) enhancement in light of United States v. Blount, 337 F.3d 404 (4th Cir. 2003); and, if so, whether that error was plain. We affirm.

Unless an attorney's ineffectiveness is conclusively apparent on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United

---

[*] Milam was informed of his right to file a pro se supplemental brief, but has not done so.

2

States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C.A. § 2255 (West Supp. 2010)). Because we find no conclusive evidence on the record that counsel rendered ineffective assistance, we decline to consider this claim on direct appeal.

We review Milam's sentence using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2008). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range or failing to consider the [18 U.S.C.] § 3553(a) factors." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). The district court must make an individualized assessment based on the facts presented by applying the relevant § 3553(a) factors to the circumstances of the case. Gall, 552 U.S. at 51. We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id.

3

Our review of the record leads us to conclude that the district court did not procedurally err in sentencing Milam. We find no error in the imposition of the U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(6) enhancement to Milam's offense level, and conclude that the district court's calculation of Milam's Guidelines range was correct.

We also conclude that Milam's sentence is not substantively unreasonable. A sentence within the properly calculated Guidelines range is presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). The 110-month sentence is within the properly calculated Guidelines range, and Milam has failed to rebut the presumption of reasonableness accorded that sentence.

In accordance with Anders, we have reviewed the entire record and found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Milam, in writing, of the right to petition the Supreme Court of the United States for further review. If Milam requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Milam. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED